```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TRACEY WANG,                                      :
                                                  :
                        Plaintiff,                :
                                                  :                ORDER
            -against-                             :
                                                  :            23 Civ. 7659 (VMS)
KONE INC.,                                        :
                                                  :
                        Defendant.                :
---------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action alleging personal injuries based on an incident in a hotel elevator in Queens County, New York. Before the Court is Plaintiff Tracey Wang ("Plaintiff" or "Ms. Wang")'s motion to consolidate this case with the personal injury action <u>Campbell v. Kone, Inc.</u>, No. 24 Civ. 4052 (TAM), also pending in this District. For the reasons stated below, Plaintiff's motion is denied.

**I.     BACKGROUND**

On November 30, 2021, Jean Campbell ("Ms. Campbell") allegedly suffered injuries while using an elevator at the TWA Hotel in Queens County, New York. See <u>Campbell v. Kone, Inc.</u>, No. 24 Civ. 4052 (TAM), Compl., ECF No. 1-2 ("<u>Campbell</u> Compl.") ¶¶ 7, 18-20 (E.D.N.Y. June 5, 2024). Six months later, on May 23, 2022, Plaintiff also allegedly suffered injuries while using an elevator at the TWA Hotel. See Compl. ("<u>Wang</u> Compl.") ¶¶ 7, 18-20, ECF No. 12. At all relevant times for both incidents, Defendant Kone, Inc. ("Defendant" or "Kone") allegedly operated and maintained the elevator(s) at the TWA Hotel. See <u>Campbell</u> Compl. ¶ 18; <u>Wang</u> Compl. ¶ 18.

Both Ms. Campbell and Ms. Wang pursued litigation following these incidents. On June 26, 2023, Ms. Wang commenced an action against Defendant in New York Supreme Court,

1

Queens County (the "Wang Action"), alleging negligence from Defendant's operation and maintenance of the elevator(s) at the TWA Hotel, and liability under the doctrine of res ipsa loquitur.  See generally Wang Compl.  On October 13, 2023, Defendant removed the Wang Action to the United States District Court for the Eastern District of New York.  See ECF No. 1.  The parties in the Wang action consented to the jurisdiction of the undersigned for all proceedings.  See ECF No. 8.

On May 2, 2024, Ms. Campbell originally brought her action against Defendant (the "Campbell Action") in New York Supreme Court, Kings County, alleging the same causes of action as in the Wang Action.  See generally Campbell Compl.  Defendant removed the Campbell Action to the United States District Court for the Eastern District of New York on June 5, 2024.  See Campbell v. Kone, Inc., No. 24 Civ. 4052 (TAM), ECF No. 1 (E.D.N.Y. June 5, 2024).  Different law firms represent Ms. Campbell and Ms. Wang.  See Campbell Compl.; Wang Compl.

While discovery both actions was ongoing, Plaintiff filed a motion to consolidate the Wang Action with the Campbell Action.  See ECF No. 16.  Both the Wang and the Campbell Actions are on similar, but not identical, discovery schedules.  Fact discovery recently closed in both actions; expert discovery is set to close in September 2025 in the Campbell Action, and in October 2025 in the Wang Action.  See 2/3/2025 Order; 7/1/2025 Order; Campbell v. Kone, Inc., No. 24 Civ. 4052 (TAM), 1/22/2025 Order (E.D.N.Y. Jan. 22, 2025), 5/28/2025 Order (E.D.N.Y. May 28, 2025).  Defendant opposes this motion for consolidation.  See ECF No. 17.

**II.    DISCUSSION**

Federal Rule of Civil Procedure 42(a) permits a court to consolidate one or more actions if the "actions before the court involve a common question of law or fact[.]"  Fed. R. Civ. P.

42(a).  A district court "has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990).  "Where there is a common question of fact or law, cases may be joined in the interests of efficiency, but consolidation is by no means a necessity."  Kelly v. Kelly, 911 F. Supp. 66, 69 (N.D.N.Y. 1996).

Even if common factual or legal questions underscore multiple actions, consolidation of these actions is not always appropriate.  Although "[c]onsolidation of tort actions sharing common questions of law and fact is commonplace[,]" and "[c]onsiderations of judicial economy favor consolidation[,]" these considerations "must yield to a paramount concern for a fair and impartial trial."  Johnson, 899 F.2d at 1284-85.  In evaluating a motion for consolidation, a court must "balance the efficiency gained through consolidation against possible prejudice to the parties."  Haas v. Brookhaven Mem'l Hosp., No. 07 Civ. 4788 (NGG), 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008).  A consolidation of cases may prejudice a defendant if the consolidating plaintiffs can use the facts in each other's claims to bolster their own.  See, e.g., Dashnaw v. Usen, No. 05 Civ. 1592 (GLS) (RFT), 2006 WL 1742174, at *4 (N.D.N.Y. June 21, 2006).

Plaintiff argues that consolidation is appropriate because there are "several common questions of law and fact" in the Wang Action and Campbell Action, Pl.'s Aff. at 3, ECF No. 16-1, and, because of these commonalities, "not consolidating the cases could result in inconsistent outcomes," Pl.'s Reply, ECF No. 18.  Defendant argues that consolidation is inappropriate because the events underlying the Campbell Action and the Wang Action are two separate incidents, and that consolidating these two actions would deprive Defendant of a fair trial in each case.  See Def.'s Opp. Mem., ECF No. 17.  The Court agrees with Defendant.

Plaintiff correctly argues that there are legal questions that pertain to both actions. Ms. Wang and Ms. Campbell raise the same causes of action against the same defendant in both cases; Defendant must mount defenses twice to the same legal claims. See Wang Compl.; Campbell Compl. Given that these cases are each proceeding through discovery to either dispositive motion practice or trial, the parties here have not identified any legal questions that will need to be determined in both cases separate and apart from the facts, or at least based on facts common to each case (e.g., indemnification, open and obvious risk, trespass, etc.). The notion that there are common legal questions (as opposed to similar legal questions) is illusory at this stage of the case.

There may be some factual overlap in both actions. Both Ms. Wang and Ms. Campbell allegedly sustained injuries from an elevator at the TWA Hotel. See Wang Compl. ¶¶ 18-20; Campbell Compl. ¶¶ 18-20. Plaintiff also argues that the incidents underlying both actions allegedly "occurred in substantially similar ways (i.e. that [Ms. Campbell and Ms. Wang] were passengers on Elevator # 16, when it suddenly dropped and or descended causing them injuries)." Pl.'s Aff. at 3. It is possible that facts concerning construction, installation or maintenance of Elevator #16 may be the same in both cases, for example. Because there may be common questions of fact as to both actions, the Court may decide Plaintiff's motion to consolidate at its discretion. See Johnson, 899 F.2d at 1284.

Although the Court may, as a matter of discretion, grant Plaintiff's motion to consolidate, the facts underlying the motion do not weigh in favor of consolidation. Even with some alleged factual overlap and some possible but not identified legal commonalities, the incident behind the Wang Action and the incident behind the Campbell Action are two different events. As Defendant argues, these separate incidents may involve different fact witnesses and different

4

maintenance records.  See Def.'s Opp. Mem. at 2.  This is not a case where two separate plaintiffs suffer injuries based on the same event.  The circumstances underlying the elevator incident that caused Ms. Wang's alleged injuries may significantly differ from the circumstances behind the elevator incident that caused Ms. Campbell's alleged injuries.  Although both the Wang Action and the Campbell Action assert the same theories of liability, the factual differences between the two incidents may determine whether Defendant is liable in each action, if at all.  A risk of inconsistent outcomes that may arise by keeping the Wang Action and the Campbell Action separate is not as high as Plaintiff contends.  See Pl.'s Reply.  The Court does note that although Defendant opposes consolidation, it may be Defendant that is bound by a legal determination or a factual finding in whichever case first goes to dispositive motion practice or trial.  For example, a finding against Defendant of negligent maintenance or installation in the first case could bind the Defendant in the second case.

The Court also does not find that consolidating the Wang Action and the Campbell Action would significantly increase judicial efficiency.  Although both cases have similar discovery schedules, see 2/3/2025 Order; 7/1/2025 Order; Campbell v. Kone, Inc., No. 24 Civ. 4052 (TAM), 1/22/2025 Order (E.D.N.Y. Jan. 22, 2025), 5/28/2025 Order (E.D.N.Y. May 28, 2025), the plaintiffs both actions do not necessarily share litigation postures.  Ms. Wang and Ms. Campbell are represented by different counsel.  See, e.g., Wang Compl.; Campbell Compl.  Both plaintiffs, through their counsel, may have pursued different strategies of litigation and recovery as their cases have progressed.  For example, in their proposed case management schedule, the parties in the Campbell Action expressed a joint interest in participating in the Eastern District of New York's Court-annexed mediation program, whereas the parties in the Wang Action indicated in their proposed case management schedule that they did not seek a mediation referral.

See ECF No. 10; Campbell v. Kone, Inc., No. 24 Civ. 4052 (TAM), ECF No. 8 (E.D.N.Y. July 15, 2024). This suggests that Ms. Wang and Ms. Campbell, through their counsel, may have differing views on whether they would like to settle their respective actions or take their cases to motion practice or trial. Consolidating the Wang Action and the Campbell Action is unnecessary, given the Plaintiffs' potentially different litigation objectives.

      The separate counsel in the Wang Action and the Campbell Action poses an additional hurdle to consolidating these cases. If the Court were to grant Plaintiff's motion, counsel in the Wang Action would need to familiarize himself with the facts, and the record of discovery already completed, in the Campbell Action, and vice versa. This added time to examine the record may require further extensions of the time to complete discovery. Such extensions may create delays to the resolution of both actions, not reduce them.

      Beyond the Court's concerns regarding the litigation postures in the Wang Action and the Campbell Action on the Plaintiffs' sides, consolidating both actions may prejudice Defendant. As Plaintiff notes in her reply letter in support of this motion, "[b]oth cases will necessarily focus on [Defendant's] negligence in performing certain maintenance and repair work upon the subject elevator prior to Ms. Campbell's [and Ms. Wang's] accident." Pl.'s Reply. In dispositive motion practice or at trial in a consolidated action, both Ms. Wang and Ms. Campbell would have the facts available of a separate incident in the same elevators, caused by allegedly deficient maintenance work. This may give a fact-finder the impression that Defendant was negligent even if either Plaintiff cannot otherwise prove all her necessary elements of liability. Both Ms. Wang and Ms. Campbell may use each other's case to bolster their theories of liability. See Dashnaw, 2006 WL 1742174, at *4.

Defendant might not be able to mount a full defense to Ms. Campbell's and Ms. Wang's combined allegations if the Court were to grant Plaintiff's motion. For example, if Defendant performed maintenance and repairs on the elevator(s) at issue after Ms. Campbell's incident but before Ms. Wang's incident, evidence of such repairs may be considered subsequent remedial measures, and, if offered to prove evidence of negligence, not admissible. See Fed. R. Evid. 407. Excluding evidence about maintenance and repairs performed may significantly hamper Defendant's ability to have a "fair and impartial trial." Johnson, 899 F.2d at 1285.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion to consolidate this case with the Campbell Action is denied.

Dated: Brooklyn, New York
July 7, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge