UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRACEY WANG,<br><br>Plaintiff,<br><br>-against-<br><br>KONE INC.,<br><br>Defendant. | **ORDER**<br><br>23 Civ. 7659 (VMS) |

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action alleging personal injuries based on an incident in a hotel elevator in Queens County, New York. Before the Court is Plaintiff Tracey Wang ("Plaintiff")'s motion seeking an Order pursuant to Fed. R. Civ. P. 37(b) directing Defendant to pay the $2,000 fee incurred because of Defendant's belated cancellation of the deposition of Darren Friedman, M.D. ("Dr. Friedman"). See ECF No. 28. For the reasons stated below, Plaintiff's motion is granted.

Dr. Friedman is Plaintiff's expert orthopedic surgeon witness. Plaintiff argues that Defendant should pay the cancellation fee because it was Defendant's sole decision to cancel the deposition with only two business-days' notice. Plaintiff represents that Dr. Friedman informed Plaintiff's counsel that because the deposition had been scheduled for Dr. Friedman's "operative" day, the doctor had cancelled two surgeries and could not schedule replacement work on short notice. By Defendant's counsel's December 11, 2025 Court filing, Defendant's counsel had confirmed that Dr. Friedman's and three other expert depositions were going ahead within the next month, see ECF No. 27, but the cancellation occurred just eight days later, see ECF No. 28. Notably, Defendant abandoned its request to depose Dr. Friedman despite the previous months of scheduling efforts.

Defendant opposes the request that it pay the cancellation fee. See ECF No. 29. Defendant contends a $2,000 cancellation fee is in and of itself unreasonable. Defendant also argues that it was unaware of Dr. Friedman's cancellation policy and that Dr. Friedman had cancelled surgeries so that he could be deposed on the scheduled day. Defendant argues that it had not requested that the deposition be scheduled on Dr. Friedman's "operative" day, and that it had been willing to accommodate his schedule. Defendant argues that Plaintiff has not offered evidence of Dr. Friedman's operative-day cancellations or of his preparation for the deposition. Defendant also argues that cancelling the deposition on a Friday before a Tuesday deposition was sufficient notice so as not to incur the cancellation fee.[1]

Courts have looked to varied sources for authority to address motions for the payment of expert deposition cancellation fees. Some have looked to Fed. R. Civ. P. 26. The underlying purpose of Rule 26(b)(4)(E) "is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free from cost." New York v. Solvent Chem. Co., Inc., 210 F.R.D. 462, 468 (W.D.N.Y. 2002) (quoting Goldwater v. Postmaster Gen., 136 F.R.D. 337, 339 (D. Conn. 1991)). Several decisions have found that Rule 26(b)(4)(E)'s purpose of fairly compensating experts for responding to discovery may, in appropriate circumstances, encompass expenses resulting from an untimely cancellation after an expert has reserved time for a properly noticed deposition. See Klemmer v. MGM Resorts Int'l, 22 Civ. 07363 (KMW) (EAP), 2026 WL 2364412, at *3-4 (D.N.J. Aug. 14, 2026) (denying appeal of order requiring payment of $4,250 expert deposition cancellation fee). Other courts have treated motions to compel the payment of

[1] The Court also notes that Defendant's counsel seems to imply some skepticism as to the demands on Dr. Friedman because of the temporal proximity of the deposition date to Hanukkah and Christmas; the Court does not find any support in the record for such skepticism.

cancellation fees as motions for sanctions under Rule 37. "Courts have inherent authority to sanction bad-faith conduct." Davis v. Saint Luke's-Roosevelt Hosp. Ctr., 771 F. App'x 116 (2d Cir. 2019). Rule 37 authorizes the Court to impose sanctions where a party fails to comply with a discovery order. See Fed. R. Civ. P. 37(b)(C). As a practical matter, an award of the cancellation cost may effectively be a sanction pursuant to Rule 37(b). Either ground is reconcilable with the fact that district courts within the Second Circuit have awarded the costs of canceled depositions, including travel and lodging expenses, as well as expenses for the time expended by the experts and attorneys preparing for the canceled depositions. See Ceglia v. Zuckerberg, No. 10 Civ. 00569 (RJA) (LGF), 2012 WL 5988637, at *5 (W.D.N.Y. Nov. 29, 2012) (collecting cases); see also Mallory v. Rush Univ. Med. Ctr., No. 18 Civ. 4364, 2020 WL 6132231, at *2 (N.D. Ill. Oct. 19, 2020) ("The court has the inherent power to require Plaintiff to pay a fee for an untimely cancellation of an expert witness deposition.") (citation omitted). As between the various grounds, the Court proceeds herein under Rule 26.

The Court does not find Defendant's short-notice cancellation of Dr. Friedman's deposition to be reasonable or substantially justified vis-à-vis the cancellation expense incurred. Defendant was free to make the strategic decision not to depose Dr. Friedman, but it was not free to give such short notice of the cancellation of a confirmed deposition and to expect not to bear the expense incurred. Defendant must bear the cost of its last-minute notification of its decision not to depose Dr. Friedman.

The Court finds the concept of paying a cancellation fee to be reasonable. See, e.g., Xing v. Mayflower Int'l Hotel, No. 18 Civ. 6616 (PKC) (LB), 2022 WL 4654469, at *4-5 (E.D.N.Y. Sep't 30, 2022) (requiring party cancelling a deposition to pay interpreter's cancellation fee given that cancellation occurred after interpreter's cancellation deadline). The request for Dr.

Friedman's deposition had been pending for months; the parties had negotiated the date and the price for the virtual deposition; and counsel had informed the Court of the deposition date. A four-day or two business-days' cancellation did not give Plaintiff's counsel or Dr. Friedman meaningful notice to adjust their plans so as to mitigate the financial loss caused by the cancellation. See Mallory, 2020 WL 6132231, at *2 ("Based on the facts presented, the court concludes that it was reasonable for Defendant to seek payment of a cancellation fee because [the expert] had cleared his patient schedule to sit for a deposition, and Plaintiff did not timely notify Defendant that she intended to postpone that deposition."); Ceglia, 2012 WL 5988637, at *6 ("This argument ignores the reality of the situation, i.e., the experts, in arranging their own schedules to accommodate the scheduled depositions, were required to pass on other business opportunities that may have arisen during the time each expert was to be deposed, as well as during the time the experts spent traveling to New York City both to prepare for and to participate in their scheduled depositions.").

Defendant argues that the evidence is insufficient to support the claim that Dr. Friedman had cancelled surgeries in order to schedule the deposition. The Court finds that Plaintiff's counsel's representation that Dr. Friedman informed counsel that he had cancelled two surgeries in order to schedule the deposition is sufficient evidence of this fact. The Court will not require a medical expert to provide more detailed information that could compromise the confidentiality of his patients—either the patients whose appointments were cancelled or the patients who theoretically could have been scheduled on such short notice. On its face, the Court finds the argument that Dr. Friedman should have scheduled orthopedic surgeries on two business-days' notice after the cancellation, and so close to the end of the year, to be patently unreasonable. See, e.g., Korabik v. Arcelormittal Plate LLC, 310 F.R.D. 205, 207 (E.D.N.Y. 2015) (in setting

surgeon's expert deposition fee, the court considered whether the doctor could see patients at times of the day other than during the deposition hours so as to reduce overall cost of the deposition).

Defendant's argument that it was not on notice of the possible cost that it might incur is not a sufficient ground on which to deny this motion, given that Defendant's counsel does not offer any evidence that it ever inquired about such a fee. Defendant had sufficient notice of Dr. Friedman's anticipated deposition fee prior to the cancellation, and Defendant had agreed to pay the fee after it had been reduced by more than half of the original requested amount. See ECF No. 29 at 1 (noting Dr. Friedman's original fee of $11,000 was reduced to $4,000 due to the deposition being virtual). Although Defendant could have opposed the flat fee for the deposition, it did not do so, so the deposition was arranged based on the understanding that a flat fee would be paid by Defendant. See Ceglia, 2012 WL 5988637, at *6 (finding that opposition to paying appearance fee on cancellation was waived because party had not objected to paying an appearance fee for deposition when scheduled). Defendant should have understood that it would be liable for costs which were reasonably related to the agreed-upon fee for the deposition. As to the amount of the cancellation fee, the Court finds Dr. Friedman's fee to be reasonable given Dr. Friedman's area of practice—orthopedic surgery—and the already-known cost for his appearance for the deposition. See Ortiz v. Aircraft Serv. Int'l Grp., No. 12 Civ. 3233 (ENV) (RML), 2013 WL 5307995, at *2 (E.D.N.Y. Sept. 19, 2013) (more than ten years ago, finding an hourly deposition rate of $400 to be reasonable for an orthopedic surgeon).

Defendant must pay the cancellation fee within fourteen days of this Order. See Ceglia, 2012 WL 5988637, at *9 (ordering party to pay almost $7,000 in fees and travel expenses for late-cancelled expert deposition).

Dated: Brooklyn, New York
September 14, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge